FILED IN CHAMBERS
U.S.D.C. Rome

MAR 01 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CORNELIUS MARTIN II, | :: | CIVIL ACTION NO. |
| Inmate # BOP Reg. 14137-055, | :: | 1:07-CV-0217-RLV |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| | :: | |
| MICHAEL ZENK, Warden, | :: | BIVENS (CIVIL RIGHTS ACTION) |
| Defendant. | :: | 28 U.S.C. § 1331 |

## ORDER AND OPINION

Plaintiff, an inmate at the Federal Prison Camp in Atlanta, Georgia, has submitted the instant pro se action. For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

## I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal

theories are indisputably meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief.  <u>See Brower v. County of Inyo</u>, 489 U.S. 593, 598 (1989).  "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." <u>Oxford Asset Mgmt. v. Jaharis</u>, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971), a plaintiff must allege that a federal agent, by act or omission under color of federal authority, deprived him of a right, privilege, or immunity secured by the Constitution of the United States. <u>See, e.g., Powell v. Lennon</u>, 914 F.2d 1459, 1463 (11th Cir. 1990).  If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal.  <u>See Chappell v. Rich</u>, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).  <u>See also Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th

2

Cir. 2000) (noting that "as a general matter federal courts incorporate § 1983 law into Bivens actions").

## II. **Plaintiff's allegations**

In this complaint, filed on January 24, 2007, Plaintiff alleges that Unit Manager Kingston of the Federal Prison Camp revoked visitation rights for the Camp's entire inmate population during two weekends in January 2007 (January 13-14 and January 20-21) due to "an ongoing problem with contraband." [Doc. 4 at 2-3.] Plaintiff alleges that these actions violated his due process right not to be punished "arbitrarily without a hearing to prove his guilt." Plaintiff also alleges that the Warden and Mr. Kingston have violated Bureau of Prisons (BOP) policies regarding visitation, including the requirements that visitation be available on either Saturday or Sunday of each weekend and that each inmate be given a minimum of four hours of visitation per month. [Id. at 4-6.] Plaintiff seeks preliminary relief enjoining the foregoing "mass punishment" and an immediate ruling pursuant to N.D. Ga. Loc. R. 65.1. [Id. at 6-7; Doc. 5.] Plaintiff "freely and openly admits that he has not exhausted administrative remedies" with respect to his claims, but alleges that there are no remedies available within the time frame of the alleged violations, and asks that exhaustion be excused in this case. [Doc. 1 at 1.]

3

### III.  Discussion

"[N]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This "exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'  This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'"  Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citation omitted) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002), and Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)).  Furthermore, there is no futility exception to this exhaustion requirement. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (stating that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement" of the Prison Litigation Reform Act of 1995 (PLRA), and "there is no longer discretion to waive the exhaustion requirement").

The BOP has established a three-tiered administrative remedy process, which "[a]n inmate has not fully exhausted . . . until he has appealed through all three

4

levels." <u>Irwin v. Hawk</u>, 40 F.3d 347, 349 n.2 (11th Cir. 1994) (discussing 28 C.F.R.

§§ 542.10-.15).  This administrative remedy process includes an initial, informal stage

as well:

> The Bureau of Prisons has a four-stage "Administrative Remedy
> Program."  28 C.F.R. Pt. 542, Subpt. B.  First, an inmate must attempt
> "informal resolution."  28 C.F.R. § 542.13(a).  If that fails, an inmate
> must submit "a formal written Administrative Remedy Request" [on a
> BP-9 form]. 28 C.F.R. § 542.14(a). An inmate "who is not satisfied with
> the Warden's response" to such a formal request may submit an appeal
> [on a BP-10 form] to the appropriate Regional Director.  28 C.F.R.
> § 542.15(a).  An inmate "who is not satisfied with the Regional
> Director's response" may submit an appeal [on a BP-11 form] to the
> General Counsel.  <u>Id.</u>

<u>Bolton v. United States</u>, 347 F. Supp. 2d 1218, 1219-20 (N.D. Fla. 2004).  The BOP

must adhere to the following deadlines in responding to an inmate:

> If accepted, a Request or Appeal is considered filed on the date it
> is logged into the Administrative Remedy Index as received.  Once filed,
> response shall be made by the Warden . . . within 20 calendar days; by
> the Regional Director within 30 calendar days; and by the General
> Counsel within 40 calendar days. . . . [T]he time for response may be
> extended once by 20 days at the institution level, 30 days at the regional
> level, or 20 days at the Central Office level.  Staff shall inform the inmate
> of this extension in writing.  Staff shall respond in writing to all filed
> Requests or Appeals.  If the inmate does not receive a response within
> the time allotted for reply, including extension, the inmate may consider
> the absence of a response to be a denial at that level.

28 C.F.R. § 542.18.

The Supreme Court recently ruled "that failure to exhaust [administrative remedies] is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, _ U.S. _, _, 127 S. Ct. 910, 914, 921 (2007) (invalidating a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint," one of "several procedural rules" that the Sixth Circuit and other courts had superimposed upon the general pleading requirements set forth in the Federal Rules of Civil Procedure). Nevertheless, in so ruling, the Supreme Court approved the practice of dismissing a prisoner complaint pursuant to 28 U.S.C. § 1915A "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief" on the basis of an affirmative defense, such as the statute of limitations. Id., _ U.S. at _, 127 S. Ct. at 920-21.  Here, of course, Plaintiff has admitted that he has not exhausted his administrative remedies, as is obvious from the dates involved – Plaintiff filed the instant lawsuit within days of the events at issue.  Accordingly, his complaint is due to be dismissed for failure to exhaust the BOP's administrative remedies, as the PLRA requires, without exception, in prisoner suits concerning the conditions of confinement.

## IV.  Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this _1ST_ day of _MARCH_, 2007.

ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

7

AO 72A
(Rev.8/82)